

**IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.**

**Dated: February 23, 2010**

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

# TIFFANY & BOSCO
### P.A.
**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-22742

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Ty Scott Williams and Isabel Williams
              Debtors.
_____

Wells Fargo Bank N.A. successor by merger to
Wells Fargo Home Mortgage, Inc.

              Movant,
      vs.

Ty Scott Williams and Isabel Williams, Debtors;
Edward J. Maney, Trustee.

              Respondents.

No. 2:09-BK-20098-SSC

Chapter 13

(Related to Docket #28)

**ORDER REGARDING
MOTION FOR RELIEF**

      IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section

362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein Ty Scott

Williams and Isabel Williams, are designated as trustors and Wells Fargo Bank N.A. successor by

1

merger to Wells Fargo Home Mortgage, Inc. is the current beneficiary, which Deed of Trust

encumbers the following described real property:

>Apartment Unit A, Building 145, Block III, of FONTANA FINAL PLAT NO. 108, according to Delaration of Horizontal Property Regime recorded in Docket 9532, Page 139 and Plat recorded in Book 150 of Maps, Page 25; and Amended plat recorded in Book 151 of Maps, Pge 21, records of Maricopa County, Arizona.

>TOGETHER WITH an undivided interest in the common elements as set forth in said Declaration and Plat and any Annexations therto;

>EXCEPT all minerals as reserved in PAtent from the United State of Ameerica.

>EXCPET all underground water and water rights appurtenant thereto, and excpet gas oil, coal and minerals whatsoever, as reserved in Deed recorded in Docket 9439, Page 296 records of Maricopa County, Arizona

>IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently

due as follows:

| | |
|---|---|
| 1 Monthly Payments(s) at $575.05 | $575.05 |
| (February 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $800.00 |
| Accrued Late Fees | $92.00 |
| Suspense Amount | ($2.23) |
| Total | $1,614.82 |

1.      The total arrearage shall be paid in six monthly installments.  Payments one through

five (1-5) in the amount of $ 269.14 shall be in addition to the regular monthly payment and shall be

due on or before the 15th day of the month commencing with the March 15, 2010 payment and

continuing throughout and concluding on or before July 15, 2010. The sixth final payment in the

amount of $ 269.12 shall be paid on or before August 15, 2010.

2.      In addition to the payment listed in Paragraph 1, the Debtors, will make the regular

post-petition payment due for March 1, 2010, which shall be made when due, and all subsequent

payments shall be made when due.

IT IS FURTHER ORDERED that Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc. as the current beneficiary under the above described Deed of Trust agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:09-BK-20098-SSC is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Wells Fargo Bank N.A. successor by merger to Wells Fargo Home Mortgage, Inc., and after such

3

dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER STIPULATED that any hearings scheduled in the matter are vacated.

DATED this _____ day of 2010.

_____
UNITED STATES BANKRUPTCY JUDGE