
Carpenter, Hazlewood, Delgado & Wood, PLC
Attorneys at Law
1400 E. Southern Avenue, Suite 400
Tempe, Arizona 85282
t 480.991.6949 | f 480.991.7040
Chad P. Miesen 024910
James H. Hazlewood 012180
FONTVILLA.0027

Attorneys for Creditor

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Ty Scott Williams and Isabel Williams,<br><br>Debtor(s).<br><br>Villas Homeowners Association,<br><br>Movant,<br><br>v.<br><br>Ty Scott Williams and Isabel Williams, and Edward J. Maney, in his capacity as Trustee,<br><br>Respondents. | No. 2:09-bk-20098-SSC<br><br>Chapter 13<br><br>STIPULATED ORDER VACATING AUTOMATIC STAY<br><br>RE: *Real Property at*<br>*17027 E. Calle Del Oro #A*<br>*Fountain Hills, Arizona* |

Movant's Motion for Relief from the Automatic Stay having been duly served upon the Debtors, Debtors' counsel, and the Trustee, along with the proposed form of Order terminating and modifying the automatic stay, and Notice of Filing the foregoing motion having been duly served on the same parties and upon any other parties with an interest in the property at issue, the

1

Debtors having filed an objection, the Movant and Debtors having filed a stipulation to vacate the automatic stay, no other objection having been received, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that all stays and injunctions, including the automatic stays imposed by 11 U.S.C. §362(a) are hereby immediately terminated with respect to that certain real property encumbered by the consensual lien in favor of Movant arising from the Declaration of Covenants, Conditions and Restrictions for Villas Homeowners Association recorded on June 29, 1972 at Recorders No. 1972-0165480 in the records of the Maricopa County Recorder's Office (the "Declaration"), and the Movant's lien encumbering the following described real property:

> Apartment Unit A, Building 145, Block III, of FONTANA FINAL PLAT NO. 108, according to Declaration of Horizontal Property Regime recorded in Docket 9532, Page 139 and Plat recorded in Book 150 of Maps, Page 25; and Amended plat recorded in Book 151 of Maps, Page 21, records of Maricopa County, Arizona.
>
> TOGETHER WITH an undivided interest in the common elements as set forth in said Declaration and Plat and any Annexations thereto;
>
> EXCEPT all minerals as reserved in Patent from the United States of America;
>
> EXCEPT all underground water and water rights appurtenant thereto, except all oil, gas, coal and minerals whatsoever, as reserved in Deed recorded in Docket 9439, Page 296, records of Maricopa County, Arizona. (The "Property")

**IT IS FURTHER ORDERED** that the Debtor will cure the post-petition arrearages currently due Movant, Villas Homeowners Association, a secured creditor, totaling $3,305.49 as follows:

1. The payments, late charges, attorneys' fees and costs currently due post-petition through and including the September assessment in the amount of $3,305.49 shall be paid in monthly installments of $115.00 each. These payments shall be in

addition to the ongoing regular post-petition assessment and other charges payment requirements and shall be due on or before the 15th day of each month commencing September 15, 2010.

2. In addition to the delinquent post-petition payment listed in Paragraph 1, the Debtors will make the regular post-petition assessment payment due for October 1, 2010 and thereafter, currently One Hundred Seventy Dollars per month ($170.00) per month, plus an additional Fifteen and No/100 Dollars per month ($15.00) for the special assessment, which shall be made when due, and all subsequent payments shall be made when due.

3. In addition, the Debtors shall remain current with their Chapter 13 Plan payments in accordance with the terms of the Plan.

**IT IS FURTHER ORDERED** that the terms of any Chapter 13 Plan proposed for confirmation shall be consistent herewith. Any inconsistency herewith, or the inability of the Debtor to have a Plan confirmed for any reason, shall constitute an event of default by Debtor, and no further notice is required.

**IT IS FURTHER ORDERED** that Villas Homeowners Association shall not conduct a judicial foreclosure on its assessment lien, so long as the terms of this Stipulation are met. In the event of default in making any payments described herein or under the Chapter 13 Plan, Movant is permitted, in its discretion, to conduct a judicial foreclosure or take whatever other action(s) necessary to protect its interest in the above legally described Property upon giving written notice of such default to Debtors, Debtors' counsel and Trustee, and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition, shall

become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan, whether confirmed or unconfirmed.

**IT IS FURTHER ORDERED** that if a default notice becomes necessary, Movant is authorized to charge Debtors $100.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment(s) and late charges. Debtors shall tender the defaulted payment(s), late charge(s) and the additional $100.00 fee for attorneys' fees and costs, as set forth above, in the form of a <u>cashier's check</u> or <u>money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $100.00 default fee, within fifteen (15) days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

**IT IS FURTHER ORDERED** that if Debtor's Bankruptcy Case No. 2:09-bk-20098-SSC is dismissed, either voluntarily or involuntarily, for any reason, Villas Homeowners Association, after such dismissal, may, in its discretion, immediately conduct a judicial foreclosure of its assessment lien or take whatever other actions necessary to protect its interest in the above legally described Property without additional notice of default.

**IT IS FURTHER ORDERED** that this Order will remain in full force and effect in any subsequent bankruptcy filing or a new bankruptcy chapter resulting from conversion.

/././

/././

/././

/././

4

**IT IS FURTHER ORDERED** that the parties' stipulation is binding on the Debtors, any present interest holder, or any subsequent transferee who obtains an interest in the Property within 180 days from filing this Stipulation with the U.S. Bankruptcy Court, and prohibiting the effect of any further Automatic Stays against Movant herein for the Property.

DATED: _____

_____
U.S. Bankruptcy Court Judge

Agreed as to form and content:

| Phillips & Associates | Carpenter, Hazlewood, Delgado & Wood, PLC |
|---|---|
| By: /s/ *signature* | By: /s/ *signature* |
| Amanda E. Nelson | Chad P. Miesen |
| 20 East Thomas Road, Suite 2600 | 1400 E. Southern Ave., Suite 400 |
| Phoenix, Arizona 85012 | Tempe, Arizona 85282 |
| Attorney for Debtors | Attorney for Movant |

5